IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

UNITED STATES OF AMERICA      *
                              *
        v.                    *      CR 100-022
                              *
TOMMY JAMES COTTON            *

_____

O R D E R

_____

On November 28, 2000, having pled guilty to two counts of armed bank robbery, violations of 18 U.S.C § 2113(d), and two counts of use of a firearm during a crime of violence, violations of 18 U.S.C. § 924(c)(1)(A), Defendant Tommy Lee Cotton was sentenced to serve 444 months in prison. While Cotton's advisory guideline range was 262 to 327 months, the Honorable William T. Moore, Jr., varied upwards. The sentence consists of concurrent sentences of 84 months on the bank robbery charges and consecutive sentences of 60 and 300 months on the § 924(c) charges.

On December 21, 2018, Congress enacted the First Step Act of 2018 ("FSA"), which amended 18 U.S.C. § 924(c)(1)(C) to prohibit the imposition of consecutive mandatory minimum sentences for convictions resulting from a single prosecution – the FSA's "anti-stacking provision." The anti-stacking provision was not made retroactive to those who had already been sentenced.

On November 1, 2023, the United States Sentencing Commission amended its Policy Statement governing the use of the compassionate release provision in 18 U.S.C. § 3582(c)(1)(A). The Policy

Statement, U.S.S.G. § 1B1.13, now provides that an unusually long sentence may constitute an extraordinary and compelling reason to reduce an imposed sentence.  This provision states:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

Seizing upon these changes, Cotton filed a motion for compassionate release, arguing that his sentence is unusually long and the FSA's anti-stacking provision created a gross disparity between his original sentence and the one he would receive if sentenced today.  The United States Supreme Court's recent decision in Rutherford v. United States, 608 U.S. ---, 2026 WL 1485535 (May 28, 2026), expressly forecloses Cotton's argument.  The Rutherford Court explained that "[w]hen Congress declines to make a sentencing amendment retroactive, the fact that a preamendment sentence is longer than it would have been postamendment is not an extraordinary and compelling reason that warrants a sentence reduction."  2026 WL 1485535, at *6 (quotation marks and cite omitted).  Thus, "Congress's nonretroactive change to § 924(c) – considered by itself or in combination with other factors – cannot

make a prisoner eligible for compassionate release." Id. at *10. Accordingly, Cotton has not asserted an extraordinary and compelling reason to support compassionate release based on the FSA's sentencing change to § 924(c).

Upon the foregoing, Defendant Cotton's motion for compassionate release (doc. 92) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this ___11th___ day of June, 2026.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA